**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ROMAN PERALES,<br><br>        Plaintiff,<br><br>   v.<br><br>SCOTT S. HARRIS, *in his official capacity as Clerk of the United States Supreme Court*, *et al.*,<br><br>        Defendants. | Case No. 25-cv-2032 (JMC) |

## <u>MEMORANDUM OPINION</u>

*Pro se* Plaintiff Roman Perales sues over his failure to successfully file a petition for writ of certiorari and an emergency motion at the United States Supreme Court. He seeks an order compelling Defendants—the Clerk of the Supreme Court and a case manager in the Clerk's office—to accept and docket his filings. Because the Court lacks jurisdiction over his claims for mandamus or other equitable relief against Defendants, the Court will **GRANT** their motion to dismiss.[1]

Perales is a resident of Texas. ECF 1 ¶ 4. On September 7, 2023, he sent a document to the Supreme Court of Texas which requested that the Court issue an order admitting him to the Texas state bar as a licensed attorney. ECF 1-2 at 15. The Supreme Court of Texas denied the request in a November 17, 2023 letter to Perales. *Id.* Perales then attempted to file a petition for a writ of certiorari at the U.S. Supreme Court regarding the denial. ECF 1 ¶ 8. But the Clerk's office refused

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

to file and docket the petition on the grounds that it "fail[ed] to comply with the Rules of th[e] Court," including that the "letter appended" from the Supreme Court of Texas "d[id] not appear to be an order from the Supreme Court of Texas denying discretionary review." *Id.* ¶ 9. In response, Perales filed a document styled as an "Emergency Motion" with the Supreme Court arguing that the Clerk's office had committed misconduct and that his certiorari petition complied with the Court's rules. *Id.* ¶ 10. This motion was also rejected for "fail[ure] to comply with the Rules of th[e] Court." *Id.* ¶ 12.

Thus stymied, Perales filed a lawsuit in this Court against Scott Harris, the Clerk of the United States Supreme Court, and one of Harris's employees in the Clerk's office. ECF 1 ¶¶ 5–6. Perales seeks an order compelling Defendants to docket his motion, or, alternatively, an order compelling Defendants to file and docket the petition for writ of certiorari. ECF 1 at 9. Defendants moved to dismiss the complaint. ECF 9. Defendants argue that they were improperly served, and that this Court lacks jurisdiction over a lawsuit to compel the Clerk of the Supreme Court to take any action. *See id.*

The Court agrees on both points. Perales is not proceeding *in forma pauperis* and is therefore responsible for serving Defendants with process, consisting of the summons and a copy of the complaint. Fed. R. Civ. P. 4(c). But a party cannot personally serve a summons and complaint. Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."). Moreover, a plaintiff has 90 days after filing a complaint to effect Rule 4 service on a defendant. Fed. R. Civ. P. 4(m). Perales has admitted that he personally served the summonses in this case, *see* ECF 6 at 2–3; ECF 12 at 1, which rendered service improper, *Olson v. Fed. Election Comm'n*, 256 F.R.D. 8, 10 (D.D.C. 2009). Additionally, because

Perales did not accomplish proper service before the 90-day deadline to serve elapsed, dismissal is also proper under Rule 4(m).

Attempting to remedy this error, Perales has moved to extend the deadline to serve. *See* ECF 12. The Court may decline to grant a motion to dismiss for insufficient process when a plaintiff is "*pro se* and could still serve process consistent with the Federal Rules," *Bullock v. Hana Indus., Inc.*, No. 22-cv-2608, 2024 WL 620440, at *2 (D.D.C. Feb. 14, 2024), and is required to extend the deadline to accomplish service if the failure to do so was for "good cause," Fed. R. Civ. P. 4(m). But in this case, the Court will **DENY** the motion for extension of time to perfect service, ECF 12, because allowing Perales to properly serve Defendants would be an exercise in futility. Regardless of the resolution of service issues, this case must be dismissed because the Court lacks subject-matter jurisdiction over any of Perales's claims against Defendants.

It is the "right and duty of the Supreme Court to correct the irregularities of its officer and compel him to perform his duty." *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (quoting *Griffin v. Thompson*, 43 U.S. (2 How.) 244, 257 (1844)). "[T]his supervisory responsibility is exclusive to the Supreme Court and . . . neither a district court nor a circuit court of appeals has jurisdiction to interfere with it by mandamus or otherwise." *Id.* As such, the lower courts lack "subject matter jurisdiction to review any decision of the Supreme Court or its Clerk." *Id.* Perales's attempt to distinguish this case from the rule of *In re Marin* on the ground that *In re Marin* dealt with only a petition for certiorari, whereas Perales's suit involves an emergency motion, is unpersuasive. Because the Court lacks subject-matter jurisdiction over Perales's claims, the Court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

Finally, Perales's motion for leave to file a surreply is also pending with the Court. *See* ECF 19. "[S]urreplies are generally disfavored, . . . and the determination of whether to grant or

deny leave is entrusted to the sound discretion of the district court." *Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 62 (D.D.C. 2011). Even considering Perales's *pro se* status, the Court does not find that Perales has met the requirements for filing a surreply, in that his brief simply rehashes arguments already made to the Court. *See id.* Accordingly, the Court **DENIES** the motion.

\* \* \*

For the foregoing reasons, Plaintiff's motion for leave to file a surreply, ECF 19, is **DENIED**. Plaintiff's motion to extend the time to serve, ECF 12, is **DENIED**. Defendants' motion to dismiss, ECF 9, is **GRANTED**, and Plaintiff's complaint, ECF 1, is **DISMISSED**.

A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: May 29, 2026

4